UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELSEY NELSON,

            Petitioner,

    v.                              Case No. 16-cv-476-pp

TIMOTHY DOUMA,

            Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 11), DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

On April 18, 2016, Kelsey Nelson filed a *pro se,* handwritten petition for writ of *habeas corpus*, challenging his 1998 convictions in Milwaukee County Circuit Court for one count each of first-degree sexual assault of a child and repeated sexual assault of the same child. Dkt. No. 1. Judge Rudolph T. Randa screened the *habeas* petition, and instructed the petitioner to refile it using the correct form. Dkt. No. 5. The petitioner complied, and Judge Randa ordered the respondent to answer or otherwise respond within thirty days. Dkt. No. 7. The respondent responded by filing a motion to dismiss the petition. Dkt. No. 11. The court will grant that motion, because the petition is time-barred.

I.    **BACKGROUND**

    A.    <u>The Petitioner's Conviction</u>

Following guilty verdicts on May 8, 1998, Milwaukee County Circuit Court Judge Timothy Dugan sentenced the petitioner to twenty years in prison

on count one (first-degree sexual assault of a child) and forty years on count two (repeated sexual assault of the same child). Dkt. No. 12-1.

### B.    The Petitioner's Post-Conviction Activities

On April 14, 1999, the petitioner's counsel filed a motion for post-conviction relief. He argued that the court had erred in denying his request to admit evidence that the victim had a prior sexual encounter with another man that would have explained her sexual knowledge. He also argued that he should have been permitted to confront the victim with evidence of the prior assault and her prior inconsistent statement. Counsel sought access to all law enforcement records regarding a prior complaint of assault against Jeffrey Turner by the victim or her mother. After ordering the state to produce any such police reports, the Milwaukee County Circuit rejected the petitioner's arguments, finding that the victim's prior testimony was neither a prior inconsistent statement nor evidence of a prior untruthful allegation. Further, the court did not find a reasonable probability that the written police entry would have altered the trial. On August 24, 1999, the court entered an order denying the post-conviction motion. Dkt. No. 1-2 at 36.

The petitioner appealed the judgment of conviction and the order denying post-conviction relief; he raised the same claims in the appeal. Dkt. No. 12-2 at 2. The Wisconsin Court of Appeals affirmed the judgment on October 10, 2000, dkt. no. 1-2 at 49, and the Wisconsin Supreme Court denied the petition for review on April 5, 2001, dkt. no. 1-2 at 50. The petitioner did not petition for a writ of *certiorari* in the United States Supreme Court.

C.    The First Federal *Habeas* Petition

Meanwhile, on March 12, 2002, the petitioner filed a *habeas* petition in federal court, challenging the 1998 Milwaukee County Circuit Court judgment. Nelson v. Figueroa, Case No. 02-cv-255-wec (E.D. Wis.); Ex. 4. Again, he argued that the trial court should have allowed evidence and/or cross-examination regarding the victim's prior sexual activity with Turner, and her prior false allegation of sexual assault against Turner. Dkt. No. 12-4. The respondent in that case filed an answer on May 21, 2002 (after receiving an extension of time). Dkt. No. 12-5. On August 19, 2002, the petitioner filed a notice of voluntary dismissal. Id. The court never ruled on that motion, and never issued an order dismissing the case. The docket, however, shows that the case was closed as of August 19, 2002 (the day the court received the petitioner's request for voluntary dismissal).

D.    Further State Court Activities

The electronic docket available at Wisconsin's Supreme Court and Court of Appeals Access indicates that the petitioner filed a state petition for writ of *habeas corpus* on February, 24, 2003, which the Wisconsin Court of Appeals denied on March 6, 2003. https://wscca.wicourts.gov (Appeal No. 2003AP000518-W). Beginning July 23, 2004, the petitioner filed a series of post-conviction motions, asking the court to modify his sentence to make the two sentences concurrent based on the amount that he had learned and accomplished in prison. Dkt. No. 1-2 at 51. Judge Dugan found the petitioner's

efforts "commendable," but concluded that they were not sufficient for the court to modify his sentence. Id. The petitioner did not appeal.

On November 14, 2008 and July 21, 2009, the petitioner filed *pro se* requests to serve the sentences concurrently because he had "grown considerably" and was "prepared to return to the community as a productive citizen." Dkt. No. 1-2 at 52 and 58. Both requests were denied, with Milwaukee County Circuit Court Judge Carl Ashley commenting that the community was not ready for the petitioner, who had "engaged in horrific sexual acts with his stepdaughter." Dkt. No. 1-2 at 52.

On October 5, 2009, the petitioner filed a Wis. Stat. §974.06 motion for post-conviction relief in the circuit court. The court denied the motion on October 7, 2009, and the petitioner filed a notice of appeal. On July 9, 2010, the petitioner moved to dismiss his appeal. Dkt. No. 12-6. The Wisconsin Court of Appeals granted his request on July 13, 2010. Id.

The petitioner again filed a series of post-conviction motions in the circuit court, and appealed the circuit court's denial of his tenth post-conviction motion. Dkt. No. 12-7. He continued to argue that the circuit court had used an improper factor—his refusal to admit guilt—when it sentenced him to prison rather than probation. Id. The Court of Appeals found his claim untimely and procedurally barred. Id. According to the Court of Appeals, the petitioner could have raised his claim in one of the prior post-conviction motions. Id. In addition, the Court of Appeals rejected the petitioner's argument that a learning disability and ineffective assistance of counsel prohibited him

from bringing the claim in a prior motion. Id. The Wisconsin Supreme Court

denied his petition for review, without costs, on February 3, 2016. Dkt. No. 8.

E. The Current Federal *Habeas* Petition

On April 18, 2016, the petitioner returned to the Eastern District of

Wisconsin on the pending petition, arguing that (1) the state courts erred in

ruling that his claim he was punished for not admitting guilt was procedurally

barred, (2) the sentencing court violated his privilege against self-incrimination

by considering his refusal to admit guilt, and (3) the Wisconsin Supreme Court

failed to provide a reason for denying his petition for review. Dkt. No. 6.

## II. ANALYSIS

The respondent has asked the court to dismiss the *habeas* petition

because this is the second petition the petitioner has filed challenging his 1998

convictions. Dkt. No. 11. In his motion to dismiss the current petition, the

respondent argues that this current petition either is an untimely amendment

to that 2002 petition, or is a second or successive petition challenging the same

convictions, or is untimely because the petitioner filed it after the one-year

limitations period prescribed by 28 U.S.C. §2244(d)(1) had expired. Dkt. No. 11

at 1.

A. The Current Petition is Not an Amendment to the 2002 Petition.

The petitioner filed his first petition on March 12, 2002. Nelson v.

Litscher, 2002-cv-255-wec, dkt. no. 1. The respondent in that case filed his

answer on May 21, 2002. Dkt. No. 9. On August 19, 2002—three months

later—the petitioner filed a document entitled "Notice of Voluntary Dismissal of

Petition." Id. at dkt. no. 14; Nelson v. Douma, Case No. 16-cv-476 at dkt. no.

18-1 at 1. In that notice, he cited Fed. R. Civ. P. 41(a)(1). Dkt. No. 18-1 at 1. On

October 30, 2002, the clerk's office sent the petitioner a letter that stated that

"[y]our notice was voluntary dismissal was filed on August 19, 2002. Your case

was terminated after filing that notice." Dkt. No. 18-1 at 2.

Under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff can voluntarily dismiss a case

without a court order under two circumstances. He can either file a notice of

dismissal before the other side serves its answer or motion for summary

judgment, or the parties can stipulate to dismissal. After the other side has

answered, however, the plaintiff may dismiss his case only if he gets an order

from the court. Fed. R. Civ. P. 41(a)(2).

In his motion to dismiss the current petition, the respondent argues that

because the petitioner asked to dismiss the 2002 case after the respondent had

answered, and because the court didn't issue an order, the petitioner could not

have dismissed the 2002 case, and it is still open. Dkt. No. 12 at 8-9.

Technically, the respondent is correct in terms of how Rule 41 works. It is true

that, because the respondent had filed an answer to the 2002 petition by the

time the petitioner decided to dismiss, the petitioner either should have filed a

motion asking the court to issue an order dismissing his case or a stipulation

signed by all parties, rather than filing a notice of dismissal under Rule

41(a)(1). But the fact that the petitioner used the wrong procedure does not

change the fact that the court decided to honor his request, and it closed his

case. Even the petitioner agrees that the case closed at his request and that he is not "not requesting to amend his terminated petition." Dkt. No. 18 at 7.

The court will decline the respondent's invitation to construe the petition as a motion to amend the earlier petition, and to deny that motion.

B.      The Current Petition is Not a Second or Successive Petition.

The respondent next argues that, even if the court doesn't agree that the current petition is an amendment to the 2002 petition, the court must dismiss it as a second or successive petition. Dkt. No. 12 at 12.

Section 2244(b)(1) of Title 28 says that a district court must dismiss "[a] claim presented in a second or successive habeas corpus application . . . ." If a person wants to file a second or successive petition raising a claim that he didn't raise in his first petition, he must first obtain authorization from the relevant court of appeals—in this case, the Seventh Circuit. 28 U.S.C. §2244(b)(3)(A). But just because a person has filed a *habeas* petition in the past does not mean that his next one is "second or successive." Previous petitions dismissed for technical or procedural deficiencies (filing in the wrong district, failing to pay the filing fee, or dismissal as premature) do not count, because the petitioner can cure those problems before refiling. Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). On the other hand, petitions that a court has denied on the merits, that the petitioner voluntarily dismissed in the face of an imminent loss, or that a court denied based on a procedural default (such as untimeliness) do count as prior petitions. Id.; Potts v. United States, 210 F.3d 770, 771 (7th Cir. 2000) (petition withdrawn due to looming defeat counted).

7

The Seventh Circuit Court of Appeals has reversed a district court's finding that the petitioner's third §2255 petition was a second or successive petition where the prior two §2255 motions were dismissed without prejudice at the petitioner's request prior to any substantive review. Garrett v. United States, 178 F.3d 940, 942-943 (7th Cir. 1999).

In his notice of voluntary dismissal in the 2002 case, the petitioner did not explain why he was asking to dismiss his petition. He simply stated that he voluntarily dismissed the petition. Dkt. No. 18-1. It is true that he filed this notice after the respondent had filed an answer. But between the time the respondent filed the answer and the time the petitioner filed his notice of dismissal, the petitioner had filed a consent to proceed before the magistrate judge, Nelson v. Litscher, 2002-cv-255 at dkt. no. 12, and a motion to extend time to file his supporting brief, id. at dkt. no. 14. There is nothing in the docket of the 2002 case to suggest that the petitioner decided to dismiss his case because he knew he would lose. Even the respondent's motion to dismiss seems to acknowledge this; the respondent states that "[i]t may be that Nelson's notice of voluntary dismissal in Case No. 02-C-255 shows that he was conceding defeat." Dkt. No. 12 at 13. This argument constitutes speculation. The court will not dismiss the case as a second or successive petition.

C.    The Petition is Time-Barred.

The biggest hurdle facing this petitioner is that he filed the current petition *nineteen* years after his judgment of conviction and *fourteen* years after his first federal *habeas* petition. Federal law gives state prisoners one year to

8

file a federal *habeas* petition under 28 U.S.C. §2254. See 28 U.S.C. §2244(d).

That limitations period is tolled during the time in which a properly filed

application for "*State* post-conviction or other collateral review" is pending. 28

U.S.C. §2244(d)(2)(emphasis added).

The petitioner's 1998 conviction became final ninety days after the

Wisconsin Supreme Court denied his petition for review (April 5, 2001). See

Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002). He had until July

5, 2002 to file his petition. The petitioner timely filed his first federal *habeas*

petition in March 12, 2002, but he asked to dismiss that case. The filing of the

first *habeas* petition did not toll the one-year statute of limitations. Duncan v.

Walker, 533 U.S. 167, 181-182 (2001). By the time he filed his first state

*habeas* petition on February 24, 2003, the one-year federal limitations period

had expired. See Teas v. Endicott, 494 F.3d 580, 582-83 (7th Cir. 2007) (where

limitations period under §2244(d)(1)(A) expired before filing of state post-

conviction petition, no collateral review was pending in state court for tolling

purposes). State post-conviction proceedings filed after the expiration of the

one-year statute of limitations period do not restart the one-year period. De

Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) ("It follows that a state

proceeding that does not begin until the federal year has expired is

irrelevant."); Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007) (holding

that a petition for collateral review filed after the federal habeas statute of

limitations has expired does not toll the one-year statute of limitation).

The one-year deadline in §2244(d) can be "equitably" tolled if a petitioner demonstrates that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Abandonment by counsel may be a potentially extenuating circumstance, see Maples v. Thomas, 132 S. Ct. 912, 922-923 (2012), as well as lack of access to a legal file, see Socha v. Boughton, 763 F.3d 674, 686-687 (7th Cir. 2014). The Supreme Court has found that a prisoner's mental disability in conjunction with abandonment by counsel may justify the appointment of new counsel to explore the question of whether the disability tolled the period of limitations. Christeson v. Roper, 135 S. Ct. 891 (2015). Most recently, the Seventh Circuit Court of Appeals vacated and remanded an order denying a petition as untimely where the district court had insufficient information regarding a defendant's mental disability ("perhaps schizophrenic delusions (her defense at trial), perhaps post-traumatic stress disorder, perhaps both, or perhaps something else"). Schmid v. McCauley, 825 F.3d 348, 350 (7th Cir. 2016).

The petitioner asserts that the one-year deadline has been tolled because he is a *pro se* litigant with a learning disability. Dkt. No. 18 at 8. According to the petitioner, he has had the learning disability since elementary school, as his mother explained during his sentencing. Id. In the portion of the transcript that the petitioner attached to his response, the judge noted that the petitioner had a sixth-grade reading level, and was two and a half credits short of graduation. Dkt. No. 18-1 at 7. His mother testified that she discovered the

petitioner's learning disability in second or third grade, and had worked with him ever since. Dkt. No. 18-1 at 9. The petitioner also attached test results dated September 8, 1998 and August 5, 2005, showing a grade equivalent around sixth grade across subjects. Dkt. No. 18-1 at 12-13.

The petitioner has not persuaded the court that his unspecified learning disability prevented him  from understanding and acting on his legal rights. Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996); see also Boulb v. United States, 818 F.3d 334, 341 (7th Cir. 2016) (refusing to adopt a rule where any petitioner who asserts that he is intellectually disabled and functionally illiterate with little more than a prison transcript would get an evidentiary hearing). The record reflects that the petitioner actively represented himself in post-conviction state court proceedings, filing numerous motions, petitions and briefs after his conviction became final. The Wisconsin Court of Appeals rejected his arguments regarding a learning disability, because he failed to demonstrate how his claimed learning disability prevented him from bringing his current claim in one of his previous *pro se* motions, and he had failed to demonstrate how his current argument was "clearly stronger" than the ones actually brought. Dkt. No. 1-2 at 30. The petitioner also timely filed a *habeas* case in 2002; whatever issues he may have had with learning did not prevent him from timely filing a petition. And even if the petitioner does have more difficulty than other people in learning, he has not demonstrated that his unspecified disability is so severe that it justified taking him fourteen years to file this current petition.

The court will grant the respondent's motion to dismiss the petition on the ground that the petition is time-barred.

      D.      <u>The Court Will Not Issue a Certificate of Appealability.</u>

A *habeas* petitioner does not have the absolute right to appeal a district court's denial of his *habeas* petition. First, he must request a certificate of appealability and demonstrate a substantial showing of a constitutional right. <u>Sanchez Rengifo v. Caraway</u>, 798 F.3d 532, 535 (7th Cir. 2015); <u>Flores-Ramirez v. Foster</u>, 811 F.3d 861, 865 (7th Cir. 2016) (*per curiam*). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists would not debate its determination that the petition is time-barred, and thus the court declines to certify any issue for appeal under 28 U.S.C. § 2253(c)(2).

## III.    CONCLUSION

The court **GRANTS** the respondent's motion to dismiss the §2254 petition as untimely, dkt. no. 11, and **DISMISSES** this case. The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 28th day of August, 2017.

                        BY THE COURT:

                        _____

                        **HON. PAMELA PEPPER**
                        **United States District Judge**