UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KELSEY NELSON,

        Petitioner,

v.                                                                                        Case No. 16-cv-476-pp

TIMOTHY DOUMA,

        Respondent.

---

**ORDER GRANTING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 24) AND GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL (DKT. NO. 33)**

---

On August 28, 2017, this court granted the respondent's motion to dismiss the petitioner's petition for writ of *habeas corpus*, denied a certificate of appealability and dismissed the case. Dkt. No. 22. The court entered judgment the same day. Dkt. No. 23. On October 2, 2017, the court received from the petitioner a motion for leave to appeal without prepayment of the filing fee. Dkt. No. 24. The court did not receive his notice of appeal, however, until October 13, 2017—nine days after the clerk's office wrote him a letter (dkt. no. 26), notifying him that it hadn't received the notice of appeal. Dkt. No. 27. Once it received the notice of appeal, the clerk's office transmitted the appeal to the Seventh Circuit Court of Appeals, and that court assigned the appeal an appellate case number. Dkt. Nos. 30, 31. Two weeks later, the petitioner filed a motion for extension of time to file an appeal. Dkt. No. 33. The following day, the Seventh Circuit directed the clerk of court to transfer the motion for

1

extension of time to this court for decision. Dkt. No. 32. The court will grant the petitioner's motion for extension of time, and will grant his motion to appeal without prepayment of the filing fee.

I. **Motion for Extension of Time to File Appeal (Dkt. No. 33)**

"A timely notice of appeal is a prerequisite to appellate review." McCarty v. Astrue, 528 F.3d 541, 544 (7th Cir. 2008) (citations omitted). Compliance with time limitations is important, because the filing of the notice "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). In a civil case in which the United States is not a party, a litigant must file a notice of appeal within thirty days from the entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The district court may extend that time if, no later than thirty days after the original deadline for the filing of notice of appeal, the appealing party asks the court to do so, and that party shows "excusable neglect or good cause" for not filing by the original deadline. Fed. R. App. P. 4(a)(5).

The court entered judgment on August 28, 2017; the petitioner did not sign his notice of appeal until October 8, 2017, dkt. no. 27 at 1, and the court did not receive it until October 13, 2017. The petitioner, therefore, did not file his notice of appeal within the thirty-day deadline. He *did*, however, file this motion for an extension of time within thirty days after the original thirty-day deadline expired (the original deadline expired on September 27, 2017, and the

court received the motion for an extension of time on October 26, 2017—just inside the deadline). That means that the court can accept his appeal, but only if the plaintiff has shown that he had good cause for missing the original thirty-day deadline, or if he can show that missing the deadline was due to his excusable neglect.

A court may extend the deadline for filing an appeal "for good cause" only if the appealing party missed the thirty-day deadline through no fault of his own. See Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012). A court may extend the deadline based on "excusable neglect" if the court finds that the untimely filing was the appellant's fault, but that there is a reason to excuse that fault. In deciding whether someone's neglect to timely file was "excusable," courts look at things like the length of the delay, and how that delay will impact the case, the reason for the delay (whether the delay was within the appellant's control), whether the appellant acted in good faith, and whether granting the extension of time would prejudice the other side. Id. at 425-26 (quoting McCarty v. Astrue, 528 F.3d 541, 544 (7th Cir. 2008)).

The petitioner says that he asked the librarian at the New Lisbon Correctional Institution for "the notice of appeal to the U.S. Court of Appeals for the Seventh Circuit forms." Dkt. No. 33 at 1. He also says that he told the librarian that the notice of appeal "was to be submitted to the United States District Court for the Eastern District of Wisconsin." Id. He asserts that the librarian gave him the wrong form—the librarian gave him the form for asking to proceed without prepaying the filing fee in the district court. Id. He

maintains that he has "proof in the form of a disbursement request submitted for copies for the notice of appeals of the Seventh Circuit to be submitted to the U.S. District Court for the Eastern District of Wisconsin." Id. at 2.

The application to proceed without paying the filing fee, which the court received on October 2, 2017, is signed by the petitioner, and dated September 27, 2017. Dkt. No. 24. That was the day his notice of appeal was due. It appears to the court that the petitioner thought that he was filing a notice of appeal, when instead he mistakenly filed a request to proceed without prepaying the filing fee.

The court must determine whether the petitioner's (mistaken) assumption that the prison librarian gave him a notice of appeal form constitutes either excusable neglect or good cause. The court cannot find that the petitioner had "good cause" for missing the thirty-day deadline. This is not a situation where the petitioner timely mailed his notice of appeal, but the mail was stolen, or the mail was damaged in bad weather. So the question is whether the petitioner missed the deadline due to excusable neglect.

The Seventh Circuit has explained that excusable neglect "will generally be found where a party in good faith relied on the actions and representations of the district court or its officers, and consequently failed to file a timely notice of appeal. Redfield v. Continental Cas. Corp., 818 F.2d 596, 603 (7th Cir. 1987). The prison librarian is not a district court officer. But it makes sense that the petitioner would rely on her as an authority figure who would have the appropriate knowledge of which forms to file, and would give him the right one.

4

The petitioner completed the form the librarian gave him, and he signed it on the date his notice of appeal was due. The court received it only five days later—not a particularly long delay. (In fact, under the "mailbox rule," an inmate is deemed to have "filed" his notice of appeal "at the moment the prisoner delivers it to a prison official for mailing to the court." Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012) (citing Houston v. Lack, 487 U.S. 266, 275-76 (1988)). While the petitioner did not provide the court with evidence that he gave the document he signed on September 27, 2017 to the prison officials to mail that day, the fact that the court received it five days later supports that conclusion.)

The court also finds that the petitioner acted in good faith. On October 4, 2017, the clerk's office sent the petitioner a letter, telling him that while the clerk had received his motion to proceed without prepaying the filing fee, it had not received his notice of appeal. Dkt. No. 26. Nine days later, the court received the actual notice of appeal, and it was dated October 8, 2017—four days after the clerk's office mailed the letter notifying the petitioner of the error. Dkt. No. 27. The petitioner acted promptly when he realized that there was a problem. He also followed up by filing this motion for an extension of time.

Finally, the court does not see that the slight delay in the court's receiving the notice of appeal will prejudice the opposing party. The notice of appeal arrived at the court a total of eleven days after the thirty-day deadline. In the lifetime of an appeal, this is not an amount of time that would prejudice the respondent's ability to defend the judgment.

For all of these reasons, the court finds that the petitioner's failure to file his notice of appeal within the thirty days prescribed by the statute and rules was the result of excusable neglect, and will grant his motion to extend that deadline. The court will deem the petitioner's notice of appeal timely filed.

**II.    Motion for Leave to Appeal Without Prepayment of the Filing Fee (Dkt. No. 24)**

In order to grant the petitioner's motion for leave to appeal without prepayment of the filing fee, the court must find that the petitioner is indigent and that he has appealed in good faith for purposes of Fed. R. App. P. 24(a)(3). See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith."). The petitioner's affidavit demonstrates that he is indigent, so the court must determine whether he has taken his appeal in good faith.

A person files an appeal in good faith if "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). This is a lower standard than the standard a *habeas* petitioner must meet to obtain a certificate of appealability, and the fact that this court declined to issue a certificate of appealability does not mean that the petitioner appealed in bad faith. Id. at 631-32. The petitioner needs to present only a single, non-frivolous issue on appeal in order to establish that he did not appeal in bad faith. See Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

The petitioner identifies three issues for appeal: (1) he disputes the court's ruling that his petition was time-barred; (2) he argues that the court erred denying him a certificate of appealability; and (3) he asserts that he has a

6

learning disability. Dkt. No. 24 at 1. The court found that the petition was time-barred because the petitioner's direct review concluded in 2000, and he filed a federal *habeas* petition—and withdrew that petition—in 2002. Dkt. No. 22 at 3. After considering each of the petitioner's filings over the years, the court concluded that his petition, filed nineteen years after his conviction, was untimely under any view of the facts. Id. at 9. The court considered (and rejected) the petitioner's assertions that he had a learning disability in the context of equitable tolling. Id. at 11. But calculating the statute of limitations for federal *habeas* claims, and the role equitable tolling plays in those calculations, is complex, and the court has no reason to believe that the petitioner is not acting in good faith in challenging the court's conclusion. A reasonable court even could disagree with this court's decision not to issue a certificate of appealability.

Because the petitioner is indigent, and because the court finds that he has brought his appeal in good faith, the court will grant his application to proceed with his appeal without prepaying the filing fee.

## III. Conclusion

The court **GRANTS** the petitioner's motion for extension of time to file a notice of appeal. Dkt. No. 33.

The court **GRANTS** petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 31st day of January, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**